**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SYLVIA CAMPOS, on behalf of herself and all others similarly situated, | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-03843 |
| v. | ) | Hon. John J. Tharp Jr. |
| TUBI, INC. | ) | |
| Defendant. | ) | |

**TUBI, INC.'S UNOPPOSED MOTION FOR AN INDICATIVE RULING REGARDING VACATUR**

Defendant-Appellant Tubi, Inc. ("Tubi"), by its attorneys, respectfully moves for an indicative ruling from this Court that it would vacate its opinion on remand from the Seventh Circuit, under Federal Rule of Civil Procedure 62.1, in the interests of justice due to the class settlement described below and and in light of the parties' agreement that Plaintiff Sylvia Campos ("Plaintiff") lacks Article III standing. Plaintiff does not oppose this request.

**A. Factual Background**

On June 16, 2023, Plaintiff filed a class action complaint against Tubi in the Northern District of Illinois alleging violations of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, and seeking damages, injunctive relief, and attorneys' fees. R. 1.[1] Specifically, Plaintiff alleged that Tubi knowingly disclosed information that identified her and putative class members as having requested or obtained specific video materials or services. *Id.* Plaintiff sought to represent a putative class of "all persons in the United States who had an account with Tubi that they used to view video materials from June 16, 2021 to the present." *Id.* ¶ 35.

[1] This Court's docket is cited as "R.," followed by the docket number.

On July 14, 2023, Plaintiff filed an amended complaint, revising certain allegations but continuing to assert a VPPA claim against Tubi on behalf of the same putative class. R. 7.

On August 28, 2023, Tubi filed a motion to compel Plaintiff to arbitrate her claims under the arbitration provision in Tubi's Terms of Use. R. 13; *see* 9 U.S.C. § 4. In the alternative, Tubi sought to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under the VPPA. R. 13.

On February 8, 2024, this Court denied Tubi's motion to compel arbitration and, in the same order, also denied Tubi's Rule 12(b)(6) motion to dismiss. R. 26. Under the Federal Arbitration Act, the district court's order was immediately appealable, *see* 9 U.S.C. § 16(a), and Tubi timely filed a notice of appeal, R. 29.

In preparation for settlement discussions, Tubi requested from Plaintiff's attorneys ("Class Counsel") certain information to assess Plaintiff's interactions with Tubi, and Plaintiff provided that information. Tubi thereafter checked its registration and other data associated with Plaintiff, which indicated that Plaintiff lacked Article III standing. Tubi advised Class Counsel that it did not believe Plaintiff had Article III standing to assert a VPPA claim.

Before a mediation with the Honorable Michael T. Mason (Ret.), of JAMS, Class Counsel and Tubi shared mediation statements that described the alleged basis for Plaintiff's claim and Tubi's defenses. Tubi again explained that it believed, based on its registration and other data, that Plaintiff had no standing to bring a VPPA claim. In response, Class Counsel advised that they were also representing other individuals who could serve as class representatives and had standing to file new VPPA claims in state court, where Article III is not a constraint.

On May 30, 2024, after the JAMS mediation, an agreement in principle was reached to settle the putative class's claims on a class-wide basis. Given the issues related to Plaintiff's standing, to effectuate the class action settlement, Class Counsel chose to file a second VPPA

action in the Circuit Court for the Seventeenth Judicial Circuit, Winnebago County, Illinois, on behalf of plaintiff Jacqueline Gregory, asserting the same claims and allegations as in this action. *See Gregory v. Tubi, Inc.*, No. 2024-LA-0000209 (Cir. Ct. Winnebago Cnty.).

Following the filing of the *Gregory* action, on July 24, 2024, the terms of an agreement to settle the *Gregory* action on a class basis was finalized, subject to court approval. On August 26, 2024, the Circuit Court for the Seventeenth Judicial Circuit granted preliminary approval of the settlement. *See* Prelim. Approval Order, *Gregory*, No. 2024-LA-0000209 (Cir. Ct. Winnebago Cnty. Aug. 26, 2024).

On September 24, 2024, citing Plaintiff's lack of standing to assert VPPA claims against Tubi, Plaintiff filed a notice of voluntary dismissal in this Court under Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See* R. 33. Also on September 24, 2024, Tubi filed a motion in the Seventh Circuit to dismiss the pending appeal and to vacate this Court's February 8, 2024 order. That motion was prematurely filed, and Tubi has filed a motion in the Seventh Circuit to withdraw its September 24, 2024 motion.

### B. <u>This Court Should Issue an Indicative Ruling Reflecting that It Would Vacate Its February 8, 2024 Order</u>

Tubi requests that the Court issue an indicative ruling, under Rule 62.1, reflecting that it would grant a motion to vacate its February 8, 2024 order.

This Court has discretion to vacate its order in light of the class settlement. *See, e.g.*, *Flora v. Dart,* No. 15 C 1127, 2018 WL 2765919, at *1 (N.D. Ill. June 9, 2018) (referencing court's vacatur of order in light of parties' settlement and agreement as to vacatur); *Aptargroup, Inc. v. Owens-Illinois, Inc.,* No. 02-C-5058, 2003 WL 22303077, at *1 (N.D. Ill. Sept. 19, 2003) (vacating order in light of settlement). No one will be harmed by vacatur, and Tubi respectfully asks that this Court exercise its discretion to vacate.

In addition, Plaintiff does not dispute that she lacked standing at the time this Court entered its order in this case and that, due to her lack of standing, the Court did not have jurisdiction to rule on the merits. *Brownback v. King*, 141 S. Ct. 740, 749 (2021). The "right remedy" under these circumstances is to vacate the order. *Ware v. Best Buy Stores, L.P.,* 6 F.4th 726 (7th Cir. 2021).

For these reasons, Tubi respectfully requests that this Court provide an indicative ruling providing that the Court would grant a motion to vacate on remand from the Seventh Circuit.

Dated: September 26, 2024

Respectfully submitted,

TUBI, INC.

By: */s/ Brandon Fox*______
*One of its attorneys*

Brandon Fox
David C. Layden
Andrianna D. Kastanek
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
BFox@jenner.com
DLayden@jenner.com
AKastanek@jenner.com